American Yellow Taxi Operators, Inc., Respondent, *v.* Jack Diamond and Yale Taxi Corporation, Appellants.

First Department, July 14, 1922.

Unfair competition — action to restrain operation of taxicabs of similar design, coloring and lettering to that of plaintiff's taxicabs — unfair competition shown in use of similar lettering on sides — plaintiff has no exclusive right to color scheme — preliminary injunction granted as to lettering but denied as to color scheme.

In an action to restrain the defendants from operating taxicabs alleged to be imitations of and operated in unfair competition with the taxicabs of the plaintiff, an injunction *pendente lite* will be granted restraining the defendants

from the use of words and letters on the sides of their taxicabs of identical design and colors and similar arrangement to those used on the sides of the plaintiff's taxicabs, where it appears that the lettering on the sides of the defendants' taxicabs first adopted were similar to those on the plaintiff's taxicabs, and that when the plaintiff changed its design and lettering the defendants adopted a similar design and lettering.

Injunction *pendente lite* should be denied restraining the defendants from operating taxicabs of a similar color and design, since it appears that the color scheme used on the plaintiff's taxicabs did not belong to it exclusively, but had been used generally by other corporations and individuals, and, in fact, the cabs used by both parties were purchased from the same manufacturer.

APPEAL by the defendants, Jack Diamond and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of May, 1922, granting plaintiff's motion for an injunction *pendente lite* restraining the defendants from operating certain taxicabs alleged to be imitations of and operated in unfair competition with the taxicabs of the plaintiff.

*Denis O'L. Cohalan* of counsel [*Roswell P. C. May* with him on the brief], for the appellants.

*Parker & Aaron* [*Herman Aaron* of counsel; *Charles Adkins Baker* with him on the brief], for the respondent.

PAGE, J.:

The order in this case is much broader than the decision of the learned justice would seem to warrant, and in this respect conflicts with his decision in *American Yellow Taxi Operators, Inc.*, v. *Barry* (202 App. Div. 837), argued simultaneously with this appeal and decided herewith.

The plaintiff operates taxicabs painted yellow or orange and black, upon the panel of the door of which in black letters appear the following: On the first line " American " in small letters, on the second " Yellow," and on the third " Taxi " in large prominent letters; on the fourth, in letters of the same size as the first line, " Operators, Inc.;" on the fifth letters slightly larger than the fourth, " Lenox 2300."

The defendants operate taxicabs of identical design, in fact they are bought from the same manufacturer as plaintiff's, painted with the same colors similarly arranged; and on the panel of the door in black letters of the same size and character and in evident imitation of the plaintiff's design there is painted on the first line " At your service," on the second " Yale," on the third " Taxi," and on the fourth " Corporation." Further, on plaintiff's and defendants' cars, in the same position immediately behind the hood, are painted numerals in exact size and style.

When the plaintiff first commenced the operation of its cabs,

it had on the panels of the doors of its cabs a circle inclosing the words " Yellow Taxi Lenox 2300 " with a large Y superimposed at the top. Defendants adopted a similar design. When plaintiff changed the inscription on the panels of the door to the present form, defendants also changed the inscription on the panels of the doors of their cabs in simulation to those of the plaintiff. These facts show that the defendants are imitating the marking on the plaintiff's cabs for the purpose of deceiving the public and to divert custom from the plaintiff, and are operating their cabs in competition with the plaintiff.

The plaintiff, however, has not demonstrated, with sufficient certainty to justify the inclusion in the preliminary injunction, its exclusive right to use the color scheme or combination of the colors yellow or orange and black, arranged in the manner employed by the plaintiff. It is admitted that this color scheme was used in New York city for years before plaintiff was incorporated or commenced business operations, by corporations and individuals with whom the plaintiff had no connection or successionary rights. This color scheme is largely used in other cities throughout the United States. Identical taxicabs in make and color were exposed for sale in New York city by the New York Yellow Cab Company, the sales agent for the Yellow Cab Manufacturing Company, who make a specialty of producing taxicabs, and advertise their product, showing this arrangement of colors. The plaintiff and defendants both purchased the taxicabs from this company, and have not been given any exclusive right to use this combination, even if said manufacturing company could grant any such license. Therefore, the injunction order should be modified by striking therefrom the words " finish, color or combination of colors, get up, style or dress," and as so modified affirmed, with ten dollars costs and disbursements to the appellants.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order modified as stated in opinion and as modified affirmed, with ten dollars costs and disbursements to appellants.