BOYSHFORM BRASSIERE Co., INC., Appellant, *v.* MODISHFORM BRASSIERE Co., INC., and Others, Respondents.

First Department, April 6, 1923.

Trade marks and trade names — use of word " Modishform " on brassieres does not show unfair competition with company using word " Boyshform "— adoption and use by defendants of label almost identical in every respect with plaintiff's label may be restrained.

The use of the word " Modishform " by the defendants on brassieres manufactured and sold by them, and the sale of brassieres similar in color, texture, trimmings and labels to those sold by the plaintiff cannot be held to be methods indicating an unfair competition by defendants with plaintiff's business in which the word " Boyshform " is used as a trade mark, for the name is sufficiently distinctive to avoid that conception, and the article and its appurtenances are of such common use that, unpatented, any one may sell them.

But the defendants may be restrained from using labels on brassieres manufactured by them in every respect identical with those used by the plaintiff with the exception of the difference in the two words, since such acts constitute unfair competition.

APPEAL by the plaintiff, Boyshform Brassiere Co., Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of April, 1922, denying its motion for a temporary injunction.

*Aaron Honig* [*T. Hart Anderson* of counsel], for the appellant.

*Isidor Cohn* of counsel, for the respondents.

McAVOY, J.:

The court at Special Term denied plaintiff's motion for an injunction to restrain defendants from using the title " Modishform " in connection with the business of manufacturing and selling an article of ladies' wearing apparel. Both parties are manufacturers of brassieres, which is an article commonly used in the apparel of women.

In January, 1921, plaintiff registered in the United States Patent Office as a trade mark the word " Boyshform," which design or insignia the plaintiff had adopted and used continuously in its business since July 24, 1919. The statement in the trade mark declaration shows that it is affixed to the goods and to the packages containing the articles by means of a printed label upon which the trade mark is shown. Plaintiff claims to have expended large sums of money for all sorts of advertising to popularize this trade name and the form in which it is carried as an insignia. All of the garments manufactured by plaintiff contain the trade name stamped on a label sewed or fastened to the bottom of each garment.

The individual defendant, William Rosen, was in the employ of the plaintiff for some two years, and in December, 1921, he left plaintiff's employ and became associated in business with the individual codefendants. Thereafter one of the defendants organized the defendant corporation for the purpose of making brassieres, and they have since been carrying on such business under the corporate style. The distinction between the labels of the plaintiff and the defendant corporation are: That the plaintiff's label is light blue in color, with its name imprinted in a darker blue; that the hook or clasp on the label is raised at the end and there is fringe at the end of the tape. The defendants' label is light pink in color, with the defendants' name imprinted in black; the position of the hook is reversed, and the tape has no fringed end. The boxes in which the garments are contained are of different colors. Plaintiff's is white with blue paper covering containing the plaintiff's insignia, a female figure and the word " Boyshform " on top and front of the box. The defendants' box is of yellow covering with no printing at all on top of the box, with brown and white label pasted on the front of the box containing the defendants' name. The style of the defendants' brassiere, the form, shape and printing of the boxes are sufficiently distinctive to except their use from a charge of unfairness in competition. Plaintiff's right to relief must be decided by its assertion that the label adopted and affixed by defendants was made and fashioned and used in its trade with the deliberate intent to imitate the plaintiff's trade mark, and so deceive and delude the public into the belief that the garment manufactured by the defendant, Modishform Brassiere Co., Inc., was plaintiff's garment; and that its use will beget great confusion by reason of the similarity of insignia. There is denial by defendants that they have any intention to deceive, or that there is any actual deception of the public through any similarity in the labels; they allege that there cannot be any likelihood of plaintiff's article being

16    Boyshform Brassiere Co., Inc., *v.* Modishform B. Co., Inc.

First Department, April, 1923.                    [Vol. 205

confounded with the defendants'; and their claim is that the use of the word " Modishform " adopted by them for their corporate name, imprinted upon their labels, is intended merely to indicate that the brassieres of defendants' manufacture follow the mold of current form and the glass of present fashion.

The use of the word " Modishform " and the sale of brassieres even of similar color, texture, trimmings and labels could not be held to be methods indicating an unfair competition of defendants with plaintiff's business.    The name is sufficiently distinctive to avoid that conception, and the article and its appurtenances are of such common use that, unpatented, any one may sell them. The case must depend on whether these defendants are using this word or mark upon merchandise of their production so simulated in its peculiar and unusual script as to resemble plaintiff's registered trade mark.

Every question of unfair competition presents issues of fact rather than those of law (*Colman* v. *Crump,* 70 N. Y. 573), and there can be no hard and fast rule for determining such a question, since each case stands upon its own facts.    (*Burrow* v. *Marceau,* 124 App. Div. 669.)    The exhibits presented on the argument and the facts and circumstances surrounding the use of the name of defendants' brassiere are such as to weigh heavily in plaintiff's favor upon its claim of attempted simulation of its trade mark. The word " MODISHFORM " is printed upon the label in the same position and in almost the identical script as that of the plaintiff's. The plaintiff's trade mark is written with a broad paraph beneath the word.    It has a loop flourish projecting towards the left from the initial letter " B," wherein the word " THE " is inclosed. Upon the broad paraph the word " brassiere " appears in plain block type, and beneath the paraph in plain type appear the words " New York," so that as a whole the legend runs: " THE BOYSHFORM BRASSIERE NEW YORK."

On defendants' label the word " Modishform " is written in identically the same peculiar and unusual script which plaintiff uses. ° It has the same paraph beneath the word and precisely the same loop flourish projecting toward the left from the initial letter " M."    This loop, as does the plaintiff's, incloses the word " THE " at the beginning of the legend, and upon the broad paraph of defendants' label appears the word " BRASSIERE " in block type, which is an exact imitation of plaintiff's print.    Then follow the words " New York " in a type similar to that used by plaintiff, the tape reading:    " THE MODISHFORM BRASSIERE NEW YORK." The sole difference between the two labels is that for the first three printed letters of the plaintiff's trade mark, " BOY," are substituted

in defendants' version the letters " MODI." In every other respect the two labels are identical in their shape, style and location of script, style and location of ordinary lettering. In these circumstances we think that, although the use of the word " MODISHFORM " itself may not be restrained, nevertheless, the adoption and use by defendants of so nearly an exact duplicate of plaintiff's forms of lettering may be prevented under the injunctive power. (*American Yellow Taxi Operators, Inc.*, v. *Diamond*, 202 App. Div. 490.)

Accordingly the order should be reversed, with ten dollars costs and disbursements, and the motion granted to the extent of enjoining defendants from making use in their trade of script of the size, shape and style now adopted by plaintiff in the advertisement and sale of this article and exhibited in its trade mark declaration.

DOWLING, SMITH, PAGE and FINCH, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted to the extent stated in opinion. Settle order on notice.