CHARLES A. CORNIBERT, Plaintiff, *v.* WILLIAM COHN and Others, Defendants.

Supreme Court, Special Term, New York County, October 17, 1938.

*Rothstein & Korzenick* [*H. Korzenick* of counsel], for the plaintiff.

*O. Sonnenreich,* for the defendants.

MILLER, J. Plaintiff and defendant Cohn are competitors. They are engaged in the business of manufacturing and dealing in silk scarfs and mufflers. Prior to 1938 both manufactured scarfs upon which were screen printed a football and other collegiate scenes. The other defendants are engaged in the business of textile screen printing.

In the spring of 1938 plaintiff conceived the idea of imprinting upon scarfs containing football or other collegiate scenes a waving pennant containing the authentic color, seal and name of a particular college printed in the corner of the scarf, and caused such a design to be made. A scarf so designed was an original creation.

To reduce the expense of manufacture, the plaintiff caused to be prepared by his printer a master screen in a form to accommodate the imprint thereon of the name of the individual college and its seal by a distinctive minor insert screen. The use of the master

screen with this small screen containing the insert in a distinct position was also an original creation as applied to the printing of scarfs.

The individual defendants, other than defendant Cohn, were formerly in the employ of plaintiff's printer.

Prior to August, 1938, plaintiff had exhibited to some of his customers a sample of the scarfs, and had taken orders from them for future delivery.

In August, 1938, with knowledge that these defendants had left the employ of the printer and had set up an establishment under the name of Associated Textile Printing Corporation, the defendant Cohn sought and obtained from these defendants, for a consideration paid to them, a copy of the salient features and distinctive parts of the plaintiff's design, and also obtained from them the method employed by plaintiff in the imprinting of the design upon his scarfs.   At the time the defendant Cohn was aware that samples of the design were then being made for the plaintiff by his printer, and that the former employees, in giving this information to him, were fraudulently abusing the trust which had been reposed in them.

Thereafter defendant Cohn procured scarfs to be manufactured by these former employees of plaintiff's printer in the manner and by the method employed by plaintiff.   These scarfs were thereafter sold by defendant Cohn and in some instances were sold by him to plaintiff's customers.

In exhibiting a sample scarf to some of his prospective customers in July, 1938, plaintiff published his design.   The information as to plaintiff's design and his method of imprinting it upon scarfs was not obtained by defendants from customers of plaintiff to whom the samples had been exhibited.   It was acquired from former employees of plaintiff's printer.   These employees had obtained their knowledge of the design and of the plaintiff's distinctive method of imprinting it upon scarfs by reason of their employment and also through information imparted to them in confidence.   The plaintiff's design was, therefore, a " secret " which had been communicated to the employees of the printer. An employee after the termination of his services, cannot lawfully use for his own advantage and to the harm of his former employer confidential information which he has gained in the course of his former employment.   (*Kaumagraph Co.* v. *Stampagraph Co.*, 235 N. Y. 1, at p. 7; *Aronson* v. *Orlov*, 228 Mass. 1; 116 N. E. 951; *Filene's Sons Co.* v. *Fashion Originators' Guild*, 14 F. Supp. 353, at p. 357.)   For consideration paid by him, defendant Cohn knowingly induced the other defendants to com-

mit a breach of faith and confidence for the purpose of enabling him to compete with the plaintiff to his own advantage and to the detriment and damage of the plaintiff. By their inequitable conduct the defendants have precluded themselves from enjoying the rights of the general public to the disclosure. (*Shellmar Products Co.* v. *Allen-Qualley Co.*, 87 F. [2d] 104, 107, 108.)

Notwithstanding publication of an original design, its copying will be restricted if it involves a breach of contract or of trust, or if the design was obtained by fraudulent or unfair means. (*Montegut* v. *Hickson, Inc.*, 178 App. Div. 94; *Margolies* v. *National Bellas Hess Co.*, 139 Misc. 738, at p. 742; affd., 235 App. Div. 839.)

Defendants had a legal right to copy and to sell as their own creation the exclusive model designed by plaintiff if the model or an inspection was procured by fair means, but defendants had no right to obtain the plaintiff's trade by unfair means. (*Montegut* v. *Hickson, Inc., supra*, at p. 96.)

The plaintiff is entitled to judgment enjoining the defendants from manufacturing, exhibiting and selling scarfs which are copies of the plaintiff's aforesaid design, and to a reference to ascertain his damages. Exceptions to defendants. Submit proposed findings and conclusions.