RICHARD J. COLE, INC., Appellant, *v.* MANHATTAN MODES CO., INC., Respondent.

First Department, December 11, 1956.

594

*Charles Sonnenreich* for appellant.

*Philip G. Klein* for respondent.

*Per Curiam.* This is an appeal from a judgment dismissing the complaint after trial in an action in which the plaintiff sought to enjoin a competitor from exhibiting, manufacturing or selling dresses similar in design to those manufactured by the plaintiff.

It was charged that the defendant's dresses were copied from those fashioned by the plaintiff after the defendant had obtained knowledge of the plaintiff's designs under circumstances constituting a breach of trust and confidence. The defendant argues that the plaintiff's exhibition of its creations was not private or confidential and hence the subject designs were published so as to become public property.

An imitator, while he may copy that which has become public property, may not do so as the result of knowledge he acquires through a breach of trust or confidence. (*Margolis* v. *National Bellas Hess Co.*, 139 Misc. 738, 741, affd. 235 App. Div. 839; *Montegut* v. *Hickson, Inc.*, 178 App. Div. 94; *Tabor* v. *Hoffman*, 118 N. Y. 30; *Board of Trade* v. *Christie Grain & Stock Co.*, 198 U. S. 236, 250, 251; *Spiselman* v. *Rabinowitz*, 270 App. Div. 548.)

There is no doubt that the garments in dispute which the defendant manufactured are so similar to plaintiff's as to

compel the inference that piracy occurred. We must determine whether the exclusive property right of the plaintiff in its creative designs should be protected from simulation by the defendant. From the record, we are constrained to hold that the plaintiff has failed to establish that it used sufficient care in the conduct of its fashion showings to effectively protect its original designs and creations from loss by publication.

The plaintiff in an effort to prevent publication of its original designs held a series of showings for buyers, customers, representatives of the press and fashion magazines, and others in the trade by issuing written invitations. Some were reached by telephone. The invitations bore no admonition to the invitee against any limitation of disclosure with respect to the styles and designs to be shown. Nor were notices posted on the walls of the plaintiff's establishment requiring the viewers to abstain from unauthorized reproduction of the creations or limiting disclosure of them. Moreover, the plaintiff made no attempt to obtain an agreement from the viewers to refrain from divulging any information to third persons with respect to the designs displayed.

There was evidence that at some point during the showing there was an announcement concerning nondisclosure. This proof was disputed by testimony of persons present at the time, who denied hearing it. Assuming *arguendo,* however, that such an announcement was made, we would be inclined to hold that it came too late and could not be considered binding upon those present. While it was urged that there is a custom in the trade that attendance at a showing such as the plaintiff's imposes a rule of nondisclosure, the record does not contain sufficient proof in that regard.

We cannot conclude from the record, as did the trial court, that copies of the designs were made from a description appearing in " Women's Wear ", a trade publication. The article does not contain sufficient details with respect to the models displayed to sustain the finding of the trial court. Moreover, the defendant's president in an examination before trial conceded that the article in question conveyed nothing to him except as to the kind of material used.

There is a hiatus in the proof regarding a breach of trust and confidence. No finding can be made, either as a result of direct proof or from an inference freely flowing from the evidence, that such a breach occurred. It was such lack of proof that impelled the trial court to conclude that " defendant's ability to simulate * * * must be attributed to the article

in ' Women's Wear ' '". We cannot speculate as to the manner in which the defendant obtained the information which enabled it to pirate the plaintiff's designs.

We cannot therefore approve the basis for the determination at Special Term, but must affirm for the reasons stated herein, without costs.

PECK, P. J., BREITEL, COX, FRANK and VALENTE, JJ., concur.

Judgment unanimously affirmed, without costs.