LAMONT, CORLISS & Co., Plaintiff, *v.* BONNIE BLEND CHOCOLATE CORPORATION and Others, Defendants.

Supreme Court, New York County, December 12, 1929.

*Blake & Voorhees* [*Tracy S. Voorhees* and *Clinton H. Blake* of counsel], for the plaintiff.

*George D. Forsyth*, for the defendants.

CALLAHAN, J. For approximately twenty years prior to 1928 the Ever Ready Chocolate Corporation, a New York corporation, had been manufacturing two brands of instantaneous chocolate powder known as " Ever Ready " and " Flower City " chocolate powders. The process of mixing this powder had been in large part devised by one Fabian Hedges, who was the principal stockholder in the Ever Ready Company. Mr. Hedges had been selling the chocolate powder individually for some time prior to the incorporation of the company. Hedges had arranged with one Leonard Metzger to manufacture the powder for him and later for the Ever Ready Company, under an agreement whereby Leonard Metzger was to receive a fixed sum per pound for his labor, Hedges and the Ever Ready Company furnishing the material. This was done under a written agreement for making the powder, which provided that the process was owned by the Ever Ready Company and had been devised by Hedges and was to be kept secret by Leonard Metzger. The defendant Fabian G. Metzger was employed by Leonard Metzger, his brother, from approximately 1908 to the beginning of the late war, when Leonard Metzger entered the army; Fabian Metzger thereafter, and for approximately a year, being employed directly by the Ever Ready Company to take the place of his brother Leonard. After Leonard Metzger left the army he resumed making the chocolate for the Ever Ready Company. Fabian Metzger resumed his employment with Leonard. Despite the fact that the Ever Ready Company attempted at all times to keep its process a secret, it is evident that Fabian Metzger learned the process of making the chocolate powder, either while working for Leonard before the war or while working for the Ever Ready Company during the war. While no specific written contract was entered into between Fabian Metzger and the Ever Ready Company, it appears that during the time Fabian Metzger was employed directly by the Ever Ready

Company he knew the company sought secrecy as to its process. During the time he was employed by Leonard Metzger he knew the latter was likewise pledged to secrecy by Hedges and the Ever Ready Company. In 1928 the plaintiff bought the stock of the Ever Ready Company and all of its property, including its rights to the formulas for making instantaneous chocolate powder, which had been attempted to be kept secret. Thereafter, the defendants entered into business in competition with the plaintiff, the defendant corporation being formed by the individual defendants, and Fabian Metzger being the president of the defendant company. A chocolate powder or powders quite identical with those manufactured by the Ever Ready Company were prepared and marketed by the defendant in competition with the Ever Ready products.

I think that under these circumstances the plaintiff is entitled to enjoin the use by defendants of so much of the process as was the secret of the Ever Ready Company. While Fabian Metzger may have learned the secret while employed by an independent contractor doing the work of the Ever Ready Company, the contractor being pledged to secrecy, whatever was communicated to Fabian Metzger by his brother Leonard was in violation of the agreement to keep the process a secret. Whether the violation was intentional or otherwise is not material. Fabian Metzger paid no consideration for the information as to the process and is not in the position of being or claiming to be an innocent purchaser for value. The principle that one who learns a trade secret from another who is pledged to secrecy may be enjoined from using it, especially where not an innocent purchaser for value, is, I think, well settled. A leading case in England that is frequently cited with approval by our courts that states such to be the rule is *Morrison* v. *Moat* (9 Hare, 241; 68 Eng. Rep. 492; affd., 21 L. J. Ch. 248.) (See, also, *Vulcan Detinning Co.* v. *American Can Co.*, 72 N. J. Eq. 387; 67 Atl. 339; *Vulcan Detinning Co.* v. *Assmann*, 185 App. Div. 399.) There are, however, many steps with relation to the making of chocolate powders that are not secret, in that they are apparently well known to and used by others in making competing products. Fabian Metzger has had considerable experience in the candy business and a general knowledge of these steps aside from his familiarity with plaintiff's secrets.

The defendants will be enjoined only in so far as their process involves the use of plaintiff's secrets. Submit findings and judgment accordingly.