JOSEPH W. SPISELMAN, Appellant, *v.* LOUIS RABINOWITZ et al., Copartners Trading under the Name of VALJEAN PEARL CO., Defendants, and ANNE SHEMLER et al., Copartners Trading under the Name of PEARLCRAFT CO., Respondents.

First Department, April 5, 1946.

*Stuart Z. Krinsly* of counsel (*Schlesinger & Krinsky,* attorneys), for appellant.

*Bernard Kaufman* for respondents.

Cohn, J. The second cause of action which has been dismissed as against defendants-respondents Anne Shemler, Florence Savlowitz, Bessie Rabinowitz and David Sheriben for legal insufficiency, may be summarized as follows:

On January 8, 1945, defendants Louis Rabinowitz and Sam Shemler, copartners trading under the name of Valjean Pearl Co., entered into a written agreement with plaintiff under which the latter disclosed to said defendants a secret forumla for " pearlizing " glass beads for a specified remuneration. The contract provided that the parties thereto would not disclose the secret formula to anyone.

Thereafter defendants Louis Rabinowitz and Sam Shemler represented to plaintiff that they were the sole copartners of another firm known as Pearlcraft Co. and asked plaintiff to furnish to Pearlcraft advice and supervision in connection with the installation of a plant for the manufacture of pearl beads in accordance with plaintiff's secret formula. Relying upon such statement, plaintiff furnished to Pearlcraft the services requested. Actually the representation was false in that the sole copartners of Pearlcraft were the four defendants-respondents and not Louis Rabinowitz and Sam Shemler.

Defendants-respondents are now in possession of the secret formula of plaintiff, the same having been disclosed to them by Louis Rabinowitz and Sam Shemler, and are using it in the manufacture of beads.

It is claimed by plaintiff that defendants-respondents were aware of the provision in the contract between plaintiff and Louis Rabinowitz and Sam Shemler which prohibited a dis-

closure of plaintiff's secret formula, and further had knowledge of the fact that Louis Rabinowitz and Sam Shemler had falsely represented to plaintiff that they (Rabinowitz and Shemler) were the sole partners of Pearlcraft Co. Plaintiff also charges that the defendants-respondents acquiesced in and consented to the false representations " for the purpose and with the design of inducing plaintiff to reveal to them said secret formula so that said defendants might employ such formula without cost to them and without compensation to plaintiff, and with deliberate intent thereby to interfere with and destroy the rights of plaintiff under the contract." Damages in the sum of $50,000 against all defendants upon this second cause of action are demanded by plaintiff.

Assuming, as we must, that the allegations of the pleading challenged are true, and giving every fair intendment to the averments contained therein, we think that the amended complaint states a good cause of action at law against defendants-respondents.

Independent of copyright or letters patent, an inventor has by common law an exclusive property in his invention until by publication it becomes the property of the general public. (Tabor v. Hoffman, 118 N. Y. 30, 34; New Era Electric Range Co. v. Serrell, 252 N. Y. 107, 111; Palmer v. DeWitt, 47 N. Y. 532; Woolsey v. Judd, 4 Duer 379; Peabody v. Norfolk, 98 Mass. 452; Salomon v. Hertz, 40 N. J. Eq. 400.)

While there is no statutory protection for one who makes an article by a secret process, no person has the right by unfair means to secure a secret formula and to use it after it has been thus obtained. Trade secrets are property and their preservation will in proper cases be shielded by the courts against unauthorized disclosure. (Board of Trade v. Christie Grain & Stock Co., 198 U. S. 236; Fougera & Co., Inc., v. City of New York, 178 App. Div. 824, 828, affd. 224 N. Y. 269.)

Anyone who acquires knowledge of an unpatented secret process in a confidential capacity, as that of an employee, is under an obligation, which equity will enforce, not to uncover the secret, even if he makes no express contract to that effect. (5 Williston on Contracts, § 1646.) It necessarily follows that the owner of a secret process is entitled to injunctive relief against the divulging of his secret by one who has expressly agreed not to betray it (Stone v. Grasselli Chemical Co., 65 N. J. Eq. 756), and strangers to the trust will be restrained from getting at the knowledge by inducing a breach of the trust, and using the knowledge obtained by such breach. (Stone v.

*Grasselli Chemical Co., supra; Fowle* v. *Park,* 131 U. S. 88; *Board of Trade* v. *Christie Grain & Stock Co., supra; Morison* v. *Moat,* 9 Hare 241, affd. 21 L. J. [Ch. 248]; *Vulcan Detinning Co.* v. *Assmann,* 185 App. Div. 399, 424; *Lamont, Corliss & Co.* v. *Bonnie Blend Chocolate Corp.,* 135 Misc. 537 [CALLA-HAN, J.].) Protection is afforded, as well, against anyone who has obtained the secret process by fraud or bad faith. (*Tabor* v. *Hoffman, supra; Montegut* v. *Hickson, Inc.,* 178 App. Div. 94; *Dr. Miles Medical Co.* v. *Park & Sons Co.,* 220 U. S. 373, 402.)

Plaintiff here had a property right in the secret formula for " pearlizing " glass beads. Defendants-respondents did not obtain possession of plaintiff's formula innocently but accepted it with full knowledge that it had been obtained for them from its owner by defendants Rabinowitz and Shemler through fraud. Moreover, defendants-respondents had knowingly secured the trade secret in direct violation of a contractual obligation on the part of Rabinowitz and Shemler not to divulge it. In such circumstances, plaintiff is entitled to full protection from injury at the hands of defendants-respondents.

· Where, as here, one's property rights are infringed, he is not bound to seek a remedy in a court of equity to terminate the wrong, but, if he so elects, may bring an action at law to recover money damages for the injury. (*Galway* v. *M. E. R. Co.,* 128 N. Y. 132, 149; *Uline* v. *N. Y. C. & H. R. R. R. Co.,* 101 N. Y. 98; Nims on Unfair Competition and Trade-Marks [2d ed.], §§ 419, 420, 430.) In circumstances similar to those set forth in the present complaint, injunction is usually resorted to because an action at law does not furnish an adequate remedy. (*McCall Co.* v. *Wright,* 198 N. Y. 143.) However, it is well settled that a party who sues at law and states a legal cause of action cannot be turned out of the court of law because he has an adequate remedy in equity, even though the latter be the better remedy. In the action at law relief is administered in the form of pecuniary compensation in damages for the injury sustained; in the other the court has discretionary power to adapt the relief to the circumstances of the case. (*Blalock* v. *Equitable Life Assur. Soc.,* 75 F. 43; *Garcelon* v. *Commercial Travelers', &c. Assoc.,* 184 Mass. 8; *Troster* v. *Dann,* 83 Misc. 399; 1 C. J. S., Actions, § 53, p. 1152.)

For all of the foregoing reasons, we hold the second cause of action sufficient. The order should be reversed, with $20 costs and disbursements, and the motion to dismiss denied, with leave to the defendants-respondents to answer within ten days

after service of a copy of the order with notice of entry on payment of said costs.

MARTIN, P. J., TOWNLEY, GLENNON and DORE, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion denied, with leave to the defendants-respondents to answer within ten days after service of the order with notice of entry thereof on payment of said costs. [See *post,* p. 921.]