**U. S. CHEMICAL CORPORATION and U. S. Plastic Products Corporation, Appellants,**

v.

**PLASTIC GLASS CORPORATION.**

No. 12034.

United States Court of Appeals Third Circuit.

Argued Jan. 24, 1957.

Decided May 7, 1957.

W. Brown Morton, New York City (Pennie, Edmonds, Morton, Barrows & Taylor, Stanton T. Lawrence, Jr., New York City, on the brief), for appellants.

W. Houston Kenyon, Jr., New York City (Kenyon & Kenyon, Francis T. Carr, New York City, J. Edward Shinn, Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN and HASTIE, Circuit Judges.

BIGGS, Chief Judge.

U. S. Chemical Corporation, the owner of United States Patent No. 2,668,328, and U. S. Plastic Products Corporation, the exclusive licensee under the patent, sued Plastic Glass Corporation alleging infringement.[1] Plastic Glass Corporation filed an answer and counterclaims alleging among other defenses that the patent was invalid because of prior public use and sale. The court below held the patent invalid basing its ruling sole-

---

1. It was stipulated by the parties that the pleadings should be recast so that U. S. Chemical Corporation as the owner of the patent in suit and U. S. Plastic Products Corporation, as the exclusive licensee, should be designated as co-plaintiffs jointly asserting the claim for infringement of the patent and that the counterclaims for a declaration of invalidity under the Federal Declaratory Judgments Act, 28 U.S.C. § 2201, and for an injunction and an accounting on the basis of alleged unfair competition, 28 U.S. C. § 1338(b), would be asserted by the defendant against the plaintiffs jointly and severally.

The patent actually issued under date of February 9, 1954 to Frank E. Porter who was the assignor to U. S. Chemical Corporation.

The plaintiffs claimed infringement of Claims 1, 3, and 4 of the patent. The answer and the counterclaims in substance alleged that all the claims of the patent were invalid and, as we read the findings of fact and the conclusions of law, the court below so found.

894

ly on a finding of public use and sale for more than one year prior to the date of the application for the patent. 35 U.S.C. § 102(b). See 1956, 142 F.Supp. 840.[2]

The patent claims a process for casting patterned plastic sheets. It is described fully in the findings of fact of the court below, 142 F.Supp. at pages 840–841, and need not be more particularly set out here. It was conceded at the trial that on 52 different occasions, beginning November 2, 1951 and ending on April 7, 1952, the application for the patent having been filed on April 8, 1953, U. S. Plastic Products Corporation, employing the inventor, Porter, sold and delivered to three manufacturing concerns, Handbag Metal Specialties, Inc., Jewel Plastic Company and Rialto Button & Wood Products, all of New York City, 665 patterned plastic sheets made in accordance with the teaching of the patent at a price in excess of $15,000. The plaintiffs maintain this use of the patent and sale of the product created by its process was merely experimental to determine the "production controls" necessary for the successful commercial exploitation of the patent and was within the rule laid down by the Supreme Court in Elizabeth v. Pavement Company, 1877, 97 U.S. 126, 134–135, 24 L.Ed. 1000. The defendant contends that the use of the process and the sale of the product was a public use and sale, relying on the decision of the Circuit Court of Appeals for the Second Circuit in Metallizing Engineering Co. v. Kenyon Bearing & Auto Parts Co., 1946, 153 F.2d 516, certiorari denied 328 U.S. 840, 66 S.Ct. 1016, 90 L.Ed. 1615, overruling Peerless Roll Leaf Co. v. H. Griffin & Sons, 2 Cir., 1926, 29 F.2d 646.

The issue is what is a public use or sale within the purview of the statute. This question was cogently discussed by Judge Learned Hand in the Metallizing Engineering Co. case, supra. We can add little of value to what Judge Hand said in the cited decision. We are in accord with what he stated. We sum

up the application of the principle to the case at bar by saying that where, as here a patentee has used the process of a patent to create a product which has been sold on the market more than one year prior to the patent application, such use of the process and sales constitute "prior use" within the meaning of Section 102(b), 35 U.S.C. We are of the opinion that the patentee cannot avoid the impact of the statute by asserting that the sales were experimental to determine "production controls", at least under the circumstances at bar. We cannot but conclude that the application of such a theory here would lead to an unwarranted extension of the patent monopoly.

Other points raised by the parties do not require consideration in view of our decision.

The judgment of the court below will be affirmed.

---

2. The plaintiffs' action for infringement was dismissed as was the defendant's counterclaim based on alleged unfair com-

petition. The defendant did not appeal the dismissal.