INNERSPRINGS, INC., and Anna Krakauer, Plaintiffs,

v.

JOSEPH ARONAUER, INC., Sam De Pinto and Irwin Aronauer, Defendants.

Civ. No. 60 C 625.

United States District Court E. D. New York.

Feb. 2, 1961.

Harry Price, New York City, for plaintiffs.

Pomerantz & Altes, New York City, Louis Brown, New York City, of counsel, for defendants.

ZAVATT, District Judge.

Before me are two motions: (1) by plaintiffs to amend their complaint; (2) by defendants to strike plaintiffs' demand for jury trial. This action was commenced on July 1, 1960. The complaint states two claims: (1) patent infringement; (2) unfair competition (breach of confidential relationship and divulgence of trade secrets). However, although these two claims are set forth in the 18 paragraph complaint, they are not specifically denominated "claim No. 1" and "claim No. 2". Jurisdiction is asserted under 28 U.S.C. § 1338 [1] and 35 U.S.C. §§ 281, 284 and 285. Section 281 grants to the patentee a remedy of "civil action for infringement;" section 284 concerns damages from infringement; and section 285 concerns attorney's fees. Also specified as jurisdictional are 15 U.S.C.A. §§ 1125(a) and 1126 (i), which provide causes of action for false labeling and copyright violation, respectively.

1. 28 U.S.C. § 1338 provides:

"(a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents * * *. Such jurisdiction shall be exclusive of the courts of the states * * *.

"(b) The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the * * * patent * * * laws."

The gravamen of the complaint is that the corporate defendant is unlawfully using a machine to which the plaintiffs hold the patent and that the individual defendant, a former employee of plaintiff corporation, has unlawfully divulged trade secrets at the instance of the corporate defendant. Wherefore plaintiffs pray for: (a) declaration of patent validity; (b) injunction against infringement and violation of confidential relationship; (c) impounding material garnered as a result of the unfair competition; (d) damages for infringement in the sum of $125,000; (e) accounting to ascertain loss from infringement and unfair competition; and (f) cost of counsel fees.

The answer puts in issue the validity of the patent and infringement. Thereafter, September 21, 1960, plaintiffs served by mail their demand for a trial by jury "as to all of the issues in the * * litigation." This includes not only the issue of damages but also the issue of patent validity. This demand is timely, being within ten days of the answer. See Rule 38(b), Fed.Rules Civ.Proc. 28 U.S. C.A.

Defendant moved by notice of motion dated October 5, 1960, to strike this demand. After one adjournment the motion was heard by Judge Abruzzo on November 16, 1960. No formal order was entered on the motion. It seems probable, however, that there was some discussion of the advisability of amending the plaintiffs' complaint, and plaintiffs' motion for that relief was thereupon made.

The proposed amended complaint specifies two distinct claims which the attorney for the plaintiffs calls "causes of action." The first claim is in behalf of the corporate plaintiff only and alleges unfair competition, the gravamen of which is the divulging of confidential information just as in the first complaint. Wherefore plaintiff prays for (a) injunction; (b) impounding of material; (c) damages in the sum of $125,000; (d) ac-counting; and (e) counsel fees. The second claim in behalf of both plaintiffs is for infringement of the patent alleged in the original complaint and another but related patent. The only relief asked on this claim is a declaration of the validity of both patents and infringement, and damages in the sum of $50,000 for the infringement. Whereas, under the original complaint plaintiffs sought an injunction as to both claims, they now seek an injunction only as to their claim of unfair competition.

█ The affidavit of the plaintiffs' attorney in support of the motion to amend sets forth the following grounds:

1. The principal patent has expired since the commencement of the action and therefore an injunction is not possible on the claim of infringement.

2. The proposed complaint is more artistic in that it separately states and numbers the claims.

3. "Furthermore as a result of information which has come into the possession of the plaintiffs, it appears that another infringement exists in connection with another United States patent and this infringement necessitates an additional cause of action being added to the complaint so that all controversies between the parties may be settled at the same time and in the same litigation."

The defendants question whether this information "has [just] come into the possession of the plaintiffs." The affidavit of defendants' attorney states "This alleged additional patent was in existence at the time of the drawing of the original complaint; * * * and was at all times known to the plaintiffs and their attorney." Issue was joined as recently as September 13, 1960. This case is not yet on the trial calendar. Under the mandate of Rule 15, Rules of Civil Procedure, that leave to amend a pleading shall be freely given by the court when justice so requires, the motion for leave to serve an amended complaint in the form proposed is hereby granted.

Having granted plaintiffs' motion to amend their complaint the next inquiry in light of defendants' motion is whether the plaintiffs are entitled to a jury trial on either their first claim of unfair competition or their second claim of patent infringement. The unfair competition claim requests both equitable and legal relief. Under these circumstances is there a right to a jury trial on the issues raised by the request for legal relief?

■ Rule 38(a) of the Federal Rules of Civil Procedure provides that "the right of trial by jury as declared by the Seventh Amendment to the Constitution * * * shall be preserved to the parties inviolate." Our real starting point therefore is the Seventh Amendment which states: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved * * *." Of course under our merged system we no longer have separate courts of law and equity and for most purposes the distinction between common law and equity has lost its vitality. But the distinction is still important when it comes to determine whether there is a right to trial by jury because the Seventh Amendment is phrased in terms of the old dichotomy.

■ A preliminary question, therefore is whether a suit based on the operative facts as alleged here was cognizable at common law, i. e. was the tort action based on the divulgence of trade secrets, in which only money damages was sought, an action at law? The answer appears to be in the affirmative, although it was more common for such a suit to be brought in equity because an injunction is generally a more useful remedy. See 5 Moore, Federal Practice 207 (2d ed. 1951); Cf. Spiselman v. Rabinowitz, 1st Dept.1946, 270 App.Div. 548, 61 N.Y.S.

2d 138; see generally Callman, Unfair Competition and Trade Marks 869, 873–74 (2d ed. 1950). The answer to this preliminary question does not resolve the ultimate issue because the complaint seeks both legal and equitable relief and such an action was unknown at common law. However, equity often granted legal relief in the form of money damages as an adjunct to its equity jurisdiction— equity delighting in doing justice and not by halves. Therefore a complaint seeking both equitable and legal relief has certain characteristics [2] of an action in equity, and many courts, reverting to the language relied upon by the courts of equity before merger that the legal relief is only "incidental" to the equitable relief, have given the action the stamp of equity. The action being equitable in nature, the Seventh Amendment does not apply and there is no right of trial by jury on the legal issues.[3] The following cases illustrate that tendency: Schaefer v. Gunzberg, 9 Cir., 1957, 246 F.2d 11; Protexol Corp. v. Koppers Co., D.C.S.D. N.Y.1951, 12 F.R.D. 7; Hirsch v. Glidden Co., D.C.S.D.N.Y.1948, 79 F.Supp. 729; Shaffer v. Coty, Inc., D.C.S.D.Cal.1960, 183 F.Supp. 662. See also Gulbenkian v. Gulbenkian, 2 Cir., 1945, 147 F.2d 173, 158 A.L.R. 990; Young v. Loew's, Inc., D.C.S.D.N.Y.1942, 2 F.R.D. 350; Crane Co. v. Crane, D.C.N.D.Ga.1957, 157 F. Supp. 293.

■ It might be argued that these cases fail to take into consideration the fact that under our merged system all claims arising from the same operative facts must be presented in one action upon pain of losing via the effects of res judicata those claims not asserted. Therefore, the argument goes, the fact that a complaint resembles an equitable action by virtue of the request for both

---

2. That a bill in equity had its own special features that might nonetheless distinguish it from a complaint at law appears from Judge Fee's learned exposition in Schaefer v. Gunzberg, 9 Cir., 1957, 246 F.2d 11.

3. On the other hand where a request for an injunction is incidental to an essentially legal claim the right to jury on the legal issue remains. See Ring v. Spina, 2 Cir., 1948, 166 F.2d 546.

legal and equitable relief should not be determinative of the issue of whether a litigant has the right to a jury. Cf. 5 Moore, op. cit. supra at 203–204.

There are two answers to this line of attack. First, courts generally do not end their inquiry at the level of the superficial, but go on to examine the entire complaint and the prayers for relief in order to get to the essence of the action. See Schaefer v. Gunzberg, supra; Ring v. Spina, supra. Second, there is learned authority for the proposition that a plaintiff at least may always retain his right of a jury trial on the legal issues by the simple expedient of setting out his claim for legal relief in a different count from his claim for equitable relief. See 5 Moore, op. cit. supra at 206–207.

Applying this learning to the first count of the instant complaint it is clear that the plaintiffs' have no right to a trial by jury on the issues presented. Not only are legal and equitable reliefs intermingled but it would appear that the pleader has placed far greater emphasis on the equitable remedies, and that on a reading of the entire count the action is essentially equitable.

The amended second count nicely points up the distinctions just made. Here the plaintiffs seek only damages having given up the request for an injunction sought in their original complaint. And although an action for patent infringement is purely statutory and in that sense was unknown at common law, when damages only are sought the action is one at common law within the meaning of the Seventh Amendment. See Bereslavsky v. Caffey, 2 Cir., 1947, 161 F.2d 499; 5 Moore, op. cit. supra at 113; Cf. Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464; United States v. Damsky, D.C.E.D.N.Y.1960, 187 F.Supp. 404. On this analysis courts have consistently granted trial by jury of all the issues, including validity and infringement,[4] in a suit for damages flowing from patent infringement. See Bischoff v. Wethered, 1870, 9 Wall. 812, 76 U.S. 812, 19 L.Ed. 829; Heide v. Panoulias, 2 Cir., 1911, 188 F. 914, certiorari denied, 223 U.S. 722, 32 S.Ct. 524, 56 L.Ed. 630; Packwood v. Briggs & Stratton Corp., 3 Cir., 1952, 195 F.2d 971; Eastman Kodak Co. v. McAuley, D.C.S.D.N.Y.1941, 2 F.R.D. 21; 5 Moore op. cit. supra at 202–203; 3 Walker, Patents 2004 (Deller ed. 1937). The legislative history of the 1952 recodification of the patent laws is further support for the proposition that a right to jury trial exists in a suit for damages from patent infringement. See Sen.Rep. No. 1979, 82d Cong., 2d Sess. (1952), U.S.Code, Cong. & Ad.News, p. 2422.

Therefore, the defendants' motion to vacate the plaintiffs' jury demand is denied as to the second count of the amended complaint and granted as to the first count. Of course, this decision made at motion term concerns only the question of jury trial as of right and does not displace the discretion of the trial judge that is granted by Rule 39 of the Federal Rules of Civil Procedure.

4. One court has held, however, in a declaratory judgment action in which the plaintiff sought a declaration of patent invalidity and noninfringement and in which the defendant did not counterclaim for damages, the action was equitable and there was no right to a jury. See Brody v. Kafka, 73 USPQ (S.D.N.Y. 1947) cited in Walker op. cit. supra (1960 Supp. § 698).