Paul ROBINE, Jr., and Walter C. Lambert, Petitioners,

v.

Hon. Sylvester J. RYAN, United States District Judge, Respondent.

No. 27883.

United States Court of Appeals Second Circuit.

Argued Nov. 13, 1962.

Decided Nov. 29, 1962.

John C. L. Cowen, Detroit, Mich., George J. Engelman, O. Raymond Basile, New York City, and Frank C. Sibley, Detroit, Mich., for petitioners.

Harry Price, New York City, for Apco, Inc., defendants.

Before LUMBARD, Chief Judge, and WATERMAN and MARSHALL, Circuit Judges.

PER CURIAM.

This is a petition for a writ of mandamus to set aside an order dated September 14, 1962, of Chief Judge Ryan in the United States District Court for the Southern District of New York. The order struck the plaintiffs' demand for a jury trial and directed that the case be placed on the non-jury calendar. Since a writ of mandamus is a proper means of protecting the right to a jury trial, Dairy Queen, Inc. v. Wood, 369 U.S. 469, 472, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 511, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), and we think that the plaintiffs are entitled to a jury trial for at least part of their complaint, we grant their petition.

The plaintiffs' complaint is awkwardly drawn, but we think it states two separate claims. According to their allegations, the plaintiffs are the inventors of a device for blending hot chocolate for use particularly in vending machines. The first claim alleges that towards the end of 1958, they entered into negotiations with the defendants, Apco, Inc. and others, in the course of which they were induced to disclose the nature of their invention, it being understood that this information would not be revealed to others or used by the defendants without the plaintiffs' consent. The defendants wrongfully appropriated the plaintiffs' invention to their own use, in breach of the confidential relationship established by the negotiations. For the injury thereby sustained, the plaintiffs seek damages of $100,000. In a separate portion of the complaint, designated a "Second Cause of Action," the plaintiffs allege that since June 1957 they have had a patent on their invention, which patent the defendants have infringed and continue to infringe. They seek an injunction against future infringements, damages for their loss, and an accounting of the defendants' profits arising out of past infringements.

In denying a jury trial, the district court stated that the complaint "in effect * * * pleads but one claim for injunctive relief, and accounting for an alleged patent infringement." Memorandum denying motion to reargue filed October 9, 1962 (S.D.N.Y.). We agree with the district judge that the most significant portion of the relief sought is probably contained in the action on the patent. It is also true that the plaintiffs could have sought complete compensation for their injury within the framework of patent infringement.[1] But we think it is clear that they did not do so. The complaint contains separate jurisdictional allegations, one to support a claim for wrongful appropriation of the plaintiffs' invention in breach of a confidential relationship and one to support the claim for patent infringement. Some of the facts alleged, while essential to the former claim, are irrelevant to a claim for patent infringement; taking the claims as stated, it is conceivable that the plaintiffs would recover on one of them and not the other.

The Supreme Court's decision in Dairy Queen, supra, makes plain that the right to a jury trial of a legal cause of action is not lost by joinder with an equitable claim except in extraordinary circumstances. 369 U.S. at 472–473, 82 S.Ct. at 897. This is true even if the cause of action at law is thought to be "incidental" to another cause of action in equity or if the plaintiff could have proceeded entirely in equity. Id. at 470, 476–477, 82 S.Ct. at 899. It is equally clear from that case that ambiguities and inelegancies in a pleading will not defeat a demand for a jury trial so long as it reasonably appears that the substance of what is pleaded constitutes a claim for relief at law. Id. at 476–477, 82 S.Ct. at 899.

Allegations that a party has been injured by another's wrongful appropriation to his own use of an invention divulged in reliance on a confidential relationship state a legal cause of action when the relief requested is damages in a specified sum. Spiselman v. Rabinowitz, 270 App.Div. 548, 551, 61 N.Y.S.2d 138 (N.Y.1946); Restatement, Torts § 757, comment e (1939); 2 Nims, Unfair Competition and Trade Marks § 423 (4 ed. 1947); see Jackson v. Universal International Pictures, Inc., 36 Cal.2d 116, 222 P.2d 433 (Cal.1950). While the pleading of the first cause of action includes phrases ordinarily accompanying a request for injunctive relief, the plaintiffs do not actually request it. They do make a claim for damages, and we are satisfied that this is the relief which they seek on this cause of action.[2] Therefore,

---

1. As indicated above, the alleged wrongful appropriation and use of the plaintiffs' invention occurred after the plaintiffs allegedly secured a patent on it.

2. Paragraph 11 of the Complaint states:
   "Plaintiffs state that the further wrongful use of their design and invention by said defendants, as above set forth, will

they are entitled to a jury trial on that portion of their complaint. Such trial must precede a trial of any equitable issues which remain. Dairy Queen, supra, at 472–473, at 897 of 82 S.Ct.; Beacon Theatres, supra.

Petition granted.

See also 197 F.Supp. 289.

greatly hamper, injure and damage the plaintiffs' ability to cause their said property rights to be produced by any other competitor of said defendants or to market their product containing plaintiffs' design and invention, and plaintiffs will be irreparably damaged in the future unless the defendants and each of them are restrained from so doing by the injunction of this Honorable Court."

Paragraph 13 of the Complaint states:

"That plaintiffs claim damages against the defendants, Apco, Inc., a New York corporation, Practical Products, Inc., a New York corporation, and United States Hoffman Machinery Corporation, a Delaware corporation, jointly and severally, in the sum of One Hundred Thousand ($100,000.00) Dollars, and bring this action to recover same from the defendants, for which they seek judgment."