386 F.2d 267
 Paul ROBINE, Jr., and Walter C. Lambert, Plaintiffs-Appellants,
v.
APCO, INC., a New York corporation, Practical Products, Inc., a New York corporation, and United States Hoffman Machinery Corporation, a Delaware corporation, jointly and severally, Defendants-Appellees.
 No. 53.
 Docket 29321.
 United States Court of Appeals Second Circuit.
 Argued September 29, 1967.
 Decided November 13, 1967.
 
 Frank C. Sibley, Detroit, Mich. (John C. L. Cowen, Detroit, Mich., and George J. Engelman, New York City, on the brief), for plaintiffs-appellants.
 Before LUMBARD, Chief Judge, and SMITH and KAUFMAN, Circuit Judges.
 LUMBARD, Chief Judge:
 
 
 1
 This appeal by Paul Robine and Walter C. Lambert from a judgment of the United States District Court for the Southern District of New York, entered on March 5, 1964, dismissing their complaint in this patent infringement action, depends on whether the evidence presented any question of fact with regard to the validity of their patent. As we hold that no question of fact was presented and that the court's dismissal of the complaint was proper, we affirm the judgment.
 
 
 2
 Plaintiffs brought suit against Apco, Inc., Practical Products, Inc., and United States Hoffman Machinery Corp. The amended complaint set forth two causes of action. The first cause of action claimed damages for an alleged breach of confidence by improper use of trade secrets, jurisdiction being based on diversity of citizenship; the second cause of action alleged infringement of the plaintiffs' patent and requested an injunction and an award of or accounting for damages. Plaintiffs demanded a jury trial on both issues.
 
 
 3
 The district court entered an order striking plaintiffs' demand for a jury trial and directing that the case be placed on the non-jury calendar. Plaintiffs then petitioned this court for a writ of mandamus to set aside the order of the district court. We granted the petition, holding that the first cause of action stated a claim for legal relief and that the plaintiffs were entitled to a jury trial for at least that portion of their complaint. Robine v. Ryan, 310 F.2d 797 (2 Cir. 1962).
 
 
 4
 The case then went to trial before Judge Dawson and a jury. At the close of the trial, all three defendants moved to dismiss the complaint. Judge Dawson dismissed the first cause of action as to all defendants on the ground that, as a matter of law, the evidence was insufficient to establish a breach of confidence by improper use of trade secrets. Plaintiffs do not claim any error with regard to this holding, and thus we are not concerned with the first cause of action. The second cause of action was dismissed as to defendants Practical Products, Inc. and United States Hoffman Machinery Corp.; decision was reserved as to Apco, Inc. The jury was then discharged.
 
 
 5
 In his subsequent opinion Judge Dawson stated that there was no right to a jury trial after the first cause of action had been dismissed, since legal relief was no longer available. Plaintiffs, having offered no evidence of damages with respect to the claim for patent infringement, were now requesting an accounting, rather than damages, in addition to an injunction. Judge Dawson determined that this requested relief was wholly equitable and that the issues involved in the remaining second cause of action against Apco, Inc. should be decided by the court alone.
 
 
 6
 Judge Dawson held that the plaintiffs' patent was invalid since the patented invention had been in public use for more than one year prior to the date of the patent application. Judgment was then entered for the defendants dismissing the complaint. Plaintiffs appeal, claiming that Judge Dawson erred in holding the patent to be invalid and that they were entitled to a jury trial of the issues relating to the validity of the patent, particularly the issue of public use. Plaintiffs also contend that it was error to dismiss the second cause of action against United States Hoffman Machinery Corp., which is claimed to be responsible for the debts of Apco, Inc. The appellees filed no brief and were not represented on appeal.
 
 
 7
 We hold that the patent is invalid as a matter of law and that therefore it was proper for the court below to dismiss the complaint without submitting the issues to the jury.
 
 
 8
 The relevant facts are not in dispute and may be summarized as follows. About 1950, plaintiffs purchased five Chef-Way vending machines for dispensing hot coffee, which they installed at various places in the Detroit area. Plaintiffs found that the hot beverage dispensing machines then in use did not produce an acceptable hot chocolate drink because the chocolate was not completely dissolved in the hot water. Plaintiffs met this problem by modifying the Chef-Way machine to incorporate a whipping device or "flow through type mixer." In the plaintiffs' machine, dry powdered ingredients and hot water are fed into an open feed tube or blender bowl. The chocolate and hot water then pass through the delivery tube; inserted in this tube is a whipping unit composed of a shaft with power-driven rotating blades. The blades revolve as the ingredients pass through the unit, thus thoroughly mixing the chocolate with the water. The mixture then passes to the discharge spout. The novel feature of the plaintiffs' machine was the whipping device which was inserted in the delivery tube.
 
 
 9
 On November 25, 1955, plaintiffs applied for a patent, which was granted on June 18, 1957. The description in the patent covered the entire machine, including many features which were present in the previously existing machines for dispensing hot beverages. The plaintiffs did not claim that the patent was valid in its broad application, but they asserted the validity of the patent as restricted to the whipping device and the combination of this device with the hot beverage vending machine.
 
 
 10
 35 U.S.C. § 102(b) provides that a person shall not be entitled to a patent if "the invention was * * * in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States." This statute precludes the issuance of a valid patent if the inventor has commercially exploited his discovery for more than one year prior to the patent application; if the invention is used primarily for profit, the mere fact that the process itself is kept secret does not prevent such a use from being a "public use" within the meaning of § 102(b). Metallizing Engineering Co. v. Kenyon Bearing & Auto Parts Co., 153 F.2d 516 (2 Cir.), cert. denied, 328 U.S. 840, 66 S. Ct. 1016, 90 L.Ed. 1615 (1946). A limited commercial use may be permissible for a longer period if the process is kept secret and the experimental use is dominant. Aerovox Corp. v. Polymet Mfg. Corp., 67 F.2d 860 (2 Cir. 1933); U. S. Chemical Corp. v. Plastic Glass Corp., 142 F.Supp. 840 (D.N.J. 1956), aff'd 243 F.2d 892 (3 Cir. 1957). But for this exception to be applicable, the use must be an experiment on the patented device itself and not a use of the patented device in connection with experiments on other devices. A. Schrader's Sons, Inc. v. Wein Sales Corp., 9 F.2d 306 (2 Cir. 1925). Once it has been established that the invention itself functions satisfactorily, the one-year limit on commercial use applies, and the inventor should not be allowed to evade this limit by performing further tests on non-patented features of the machine in which his invention is incorporated.
 
 
 11
 It was clearly established that the invention was in commercial use for more than one year prior to the patent application in 1955. In 1951 or 1952 the plaintiffs installed the patented whipping device in a Chef-Way machine at Wayne County Airport. The machine was used for dispensing hot chocolate beverages on a commercial basis until at least March 1954. While the patented device was kept kept secret under lock and key, the fact is that the use to which the plaintiffs put it was commercial.
 
 
 12
 This use of the patented whipping device would destroy the validity of the patent unless it is shown that the use was primarily experimental. The plaintiffs testified that they encountered difficulties with the machine throughout the time it was located at the airport and that on a number of occasions they removed the machine to make alterations or adjustments.
 
 
 13
 However, these problems and adjustments did not relate to the patented whipping unit. Soon after the whipper was installed in the machine at Wayne County Airport it became clear that the whipper functioned successfully and that the machine could produce a satisfactory cup of chocolate. The problem was that the dry chocolate would sometimes cake in the feeding mechanism so that on occasion no chocolate was fed into the mixer and the machine produced only a cup of hot water. The experimentation was aimed at ensuring the reliability of the chocolate delivery system and, as plaintiff Lambert expressly stated in his testimony, had nothing to do with the whipping device.
 
 
 14
 The chocolate delivery system was not invented by the plaintiffs and is not itself covered by their patent. Plaintiff Lambert admitted that the patent did not relate to the feeding mechanism, "other than the fact that we say we have a means for positioning the chocolate into the [whipping] device * * *" The fact that the patent covered the use of the whipper in conjunction with the non-patented elements of the old-style dispensing machines does not mean that experiments on these non-patented elements constitute an experiment on the patented device. The problems did not arise from any difficulty in combining the whipping unit with the other features of the machine; they related solely to the feeding mechanism and the type of chocolate used.
 
 
 15
 We find that the plaintiffs failed to produce evidence which would be sufficient to support a finding that the commercial use was primarily for the purpose of experimenting on the patented whipping unit. Therefore, the patent is invalid as a matter of law and the complaint was properly dismissed by the district court.
 
 
 16
 Since the issue of the patent's validity presents no question of fact, we find it unnecessary to reach the issue of whether there would have been a right to a jury trial if factual questions had been presented. Nor need we rule on plaintiff's contention that United States Hoffman is responsible for the debts of Apco, Inc.
 
 
 17
 The judgment appealed from is affirmed.