Frederick JX. MARTIN, and Kenneth Simpson, Petitioners,

v.

Harold R. SWENSON, Warden, et al., Respondents.

Civ. A. No. 1715.

United States District Court,
W. D. Missouri,
Central Division.

July 8, 1971.

Frederick JX. Martin and Kenneth Simpson, pro se.

No appearance by respondents.

WILLIAM H. BECKER, Chief Judge.

Petitioners, state convicts confined in the Missouri State Penitentiary, have submitted a complaint for declaratory judgment and incidental damages under Section 2201, Title 28, United States Code, invoking federal jurisdiction under the Federal Civil Rights Act, Section 1983, Title 42, United States Code, and Section 1343, Title 28, United States Code.

Petitioners state that they have been, on June 6, 1971, subjected to cruel and unusual punishment by respondents, to beatings on that date and denial of their rights to free exercise of the Black Muslim religion; and that they "were denied medical attention from June 6, 1971 until June 11, 1971." Petitioners state that "this action is * * * brought for declaratory relief pursuant to Title 28 U.S.C. Section 2201 and 2202 * * * Wherefore, [petitioners] prays (sic) that this honorable court issue its proper order prohibiting each defendant from clubbing, macing and inflicting upon [petitioners] any form of corporal punishment and any other relief [and] *for the forgoing* (sic) *reasons* * * * for relief against the [respondents] * * * that we * * * be awarded actual damages of $250,000.00 for the injuries suffered at the hands of the defendants and $100,000.00 punitive damages for the injuries suffered at the hands of defendants." (Emphasis added.)

It is clear from the prayer for relief in the complaint that this is primarily a suit in equity by means of which the petitioners seek immediate, extraordinary relief to prevent alleged irreparable injury to their federal rights. The fact that damages are requested as a means of implementing the primarily-requested equitable relief (as petitioners have made clear is their intent by demanding damages only "for the forgoing (sic) reasons," i. e., so that the equitable relief requested might be effective) does not destroy the character of this action as an equitable one. See Innersprings, Inc. v. Joseph Aronauer, Inc. (E.D.N.Y.) 27 F.R.D. 32, 35:

> "[E]quity often granted legal relief in the form of money damages as an adjunct to its equity jurisdiction—equity delighting in doing justice and not by halves. Therefore a complaint seeking both equitable and legal relief has certain characteristics of an action in equity, and many courts, reverting to the language relied upon by the courts of equity before merger that the legal relief is only 'incidental' to the equitable relief, have given the action the stamp of equity."

Petitioners, then, request a declaratory judgment, an injunction and

damages in equity. Whether treated primarily as a claim for injunctive relief or as one primarily for declaratory relief, it appears that the action should be dismissed without prejudice to petitioners' pursuing their available and adequate state remedies. If it is assumed that the claim is primarily one for injunctive relief in the form of an order prohibiting respondents from any further acts of cruel and unusual punishment, the principles set down in Potwora v. Dillon (C.A.2) 386 F.2d 74, and James v. Headley (C.A.5) 410 F.2d 325 apply. In Potwora v. Dillon, *supra*, even under the rule of Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (that, generally, suits under the Federal Civil Rights Act are not subject to the doctrine of "exhaustion of state remedies") it was held that suits for injunction should not be sustained in courts of the United States where a plain, adequate and complete remedy may be had at law. In that case, the Court stated:

"Monroe v. Pape was an action for damages and * * * must be read in that light; the Court surely had no intention to abrogate in civil rights cases the historic rule, embodied long ago in § 16 of the First Judiciary Act, 1 Stat. 82 (1789), and later in Rev. Stat. § 723 and 28 U.S.C. § 384 (1940 ed.) that suits in equity shall not be sustained in courts of the United States 'in any case where a plain, adequate and complete remedy may be had at law.'" 386 F.2d at 77.

An adequate remedy at law exists in the federal courts by which a prisoner may seek immediate, extraordinary relief in a petition for habeas corpus under the provisions of Section 2254, Title 28, United States Code. Habeas corpus, in federal courts, is a proper method by which a prisoner may seek emergency relief relative to the conditions of his confinement. Black v. Ciccone (W.D. Mo.) 324 F.Supp. 129, and cases therein cited. Under such circumstances, in James v. Headley, *supra*, the Court stated that "It is basic learning that a court will not grant equitable relief if there is

an adequate remedy at law." 410 F.2d at 335. The Court upheld the district court's accordingly transforming a petition for injunctive relief under Section 1983 into a simple habeas proceeding.

The result is not different if this action is treated as primarily one in equity for a declaratory judgment. Under Rule 57, F.R.Civ.P., the "existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." But in Katzenbach v. McClung, 379 U.S. 294, 85 S.Ct. 377, 13 L.Ed.2d 290, it was noted that:

"[E]ven though Rule 57 of the Federal Rules of Civil Procedure permits declaratory relief although another adequate remedy exists, it should not be granted where a special statutory proceeding has been provided. See Notes on Rule 57 of Advisory Committee on Rules, 28 U.S.C.App. p. 5178 (1958 ed.). Title II provides for such a statutory proceeding for the determination of rights and duties arising thereunder, §§ 204–207, and courts should, therefore, ordinarily refrain from exercising their jurisdiction in such cases." 85 S.Ct. at 379, 13 L. Ed.2d at 293.

Under the provisions of Section 2254, *supra*, and its subsection (c), dealing with the principle of exhaustion of state remedies, complete statutory remedies exist by which petitioners may seek in equity and, upon an appropriate showing, obtain the relief in equity which is sought in the complaint herein. As the United States Court of Appeals for the Eighth Circuit recently stated in Wilwording v. Swenson (C.A.8) 439 F.2d 1331:

"[W]e think petitioners should respect Missouri rules of procedure and make an effort to fully present their claims for equitable relief to the Missouri courts by mandamus or prohibition for the claimed violations of §§ 216.455 [prohibiting the striking of prisoners], 216.450 [prohibiting the administration of cruel and unusual

punishments], § 222.020 [limiting punishment] R.S.Mo., V.A.M.S., or by way of an injunction seeking relief from alleged deprivation of constitutionally or otherwise legally protected rights. See § 526.030 R.S.Mo., V.A.M.S."

Further, under Missouri law, in suits for injunction, as an adjunct to equity jurisdiction, actual and punitive damages may be recovered. Bellerive Country Club v. McVey, en banc, 365 Mo. 477, 284 S.W.2d 492.

Under the foregoing principles, this action should be treated as one for habeas corpus under the provisions of Section 2254, Title 28, United States Code, and dismissed without prejudice to petitioners' currently available state remedies. Petitioners should file a petition for mandamus, prohibition or injunction in the Circuit Court of Cole County, requesting the relief and stating the facts upon which they have attempted herein to base their claims for extraordinary relief. In the event of an adverse decision in that Court, petitioners should appeal to the Missouri Supreme Court. In the absence of exceptional circumstances not stated to be present in this case, only when the Missouri Supreme Court has ruled adversely to petitioners on the merits of their contentions can their state remedies be deemed exhausted for the purposes of federal habeas jurisdiction. Section 2254(c), Title 28, United States Code.

Insofar as the pleading submitted by petitioners may be construed as a non-equitable claim for damages, it will be treated as a claim under the Federal Civil Rights Act. It will be assigned a new number in the Central Division of this District and petitioners [plaintiffs] in that case will be granted leave to proceed in forma pauperis and the Clerk will be directed to issue summons for service on the named defendants.

In this action, however, the habeas corpus aspects of the pleading will be dismissed without prejudice to petitioners' currently-available state remedies.

It is therefore

Ordered that petitioners be, and they are hereby, granted leave to proceed in forma pauperis. It is further

Adjudged that the petition herein for habeas corpus be, and it is hereby, dismissed without prejudice.