_____

No. 95-4078WM
_____

James D. Forster and Joann        *
Forster,                          *
                                  *
          Appellees,              *
                                  *   On Appeal from the United
     v.                           *   States District Court for
                                  *   the Western District of
                                  *   Missouri.
Patrick W. Boss and Janet L.      *
Boss,                             *
                                  *
          Appellants.             *

          _____

          Submitted:  June 14, 1996

             Filed:  October 11, 1996
          _____

Before RICHARD  S.  ARNOLD,  Chief  Judge,  WOLLMAN,  Circuit  Judge,  and
      KORNMANN,* District Judge.
          _____

RICHARD S. ARNOLD, Chief Judge.

     This case arises out of the sale of property fronting on the Lake of
the Ozarks in Missouri.  The plaintiffs are the buyers of the property,
James D. Forster and Joann Forster.  The defendants are the sellers,
Patrick W. Boss and Janet L. Boss.  The District Court awarded plaintiffs
both damages, for fraud and breach of contract, and injunctive relief.
Defendants appeal, arguing that plaintiffs are receiving what amounts to
a double recovery:  an

_____

     *The Hon. Charles B. Kornmann, United States District Judge
for the District of South Dakota, sitting by designation.

injunction that makes them whole plus damages to compensate them for the loss of the very rights that the injunction has guaranteed. We agree with this contention in part, and accordingly affirm in part, reverse in part, and remand for further proceedings.

When defendants, the Bosses, agreed to sell the property to the Forsters, they represented that the Forsters could obtain a permit for a boat dock in front of their newly acquired property. In fact, unknown to the Forsters, the sellers had a boat-dock permit of their own that made it impossible for the Forsters to obtain the permit they had been promised. The defendants do not contest the finding made below that they were guilty of fraud in this respect. And, in fact, when the plaintiffs applied to Union Electric Company (which created the lake and has the right to grant permits) for a permit, their application was denied on the ground that the sellers, the defendants, already had a conflicting permit. To compensate the plaintiffs for this fraud, the jury awarded $12,250 in compensatory damages and $10,000 in punitive damages.

The other claim for damages on which the plaintiffs prevailed had to do with a swim dock. When the property was sold, defendants promised that they would remove their swim dock from in front of the transferred property. They did not keep this promise. The jury awarded $2,500 in compensatory damages to the plaintiffs on account of this breach of contract.

On appeal, defendants argue first that there was no sufficient evidence to support the damages verdicts. We disagree. The verdict for $12,250 on the fraud claim finds ample support in the record. In fact, the testimony was that the value of the property transferred without the boat-dock permit was $43,000 less than it would have been with the permit. The record would have supported a much greater award than was actually given by the jury. As to the swim dock, the evidence is less specific, but the defendants' failure to remove their swim dock, so plaintiffs could install one

of their own in front of the transferred property, was one of a list of items in respect of which evidence tended to show that plaintiffs did not receive full value from the sale. The total amount of damages ascribed to the entire list was $40,000. No specific figure was given for the swim dock, but it was of some substantial value, and we do not believe that the jury exceeded its brief in returning a verdict for the relatively small amount of $2,500. Certainly there was a breach of contract with respect to the swim dock. This much is now conceded. We do not think that the inability to ascribe a more precise value to this item requires the verdict to be set aside.

The major issue on appeal arises because damages were not the only relief secured by the plaintiffs. They also got a permanent injunction ordering defendants to remove the offending swim dock. In addition, and most important, they got their boat-dock permit from Union Electric. Union was a party defendant in the District Court. It took no active part in the trial, except to enter into a stipulation agreeing that if the Court should hold plaintiffs entitled to a permit under their contract with defendants, Union would grant the permit to plaintiffs and revoke the permit previously granted to defendants. This in fact occurred, so plaintiffs now have their permit and defendants have lost theirs. No future permit may be granted to defendants that would interfere with plaintiffs' rights.

In this situation, defendants argue that the injunction has made plaintiffs whole. They have both their swim dock and their boat-dock permit. Thus, the property transferred to them has exactly the characteristics defendants agreed it would have: it has a boat-dock permit attached to it, and it is not encumbered by defendants' swim dock. If plaintiffs also receive, as damages, money to compensate them for the difference in the value of the property as promised and the value of the property as transferred, they have received a double recovery. Plaintiffs have, in effect,

received not only damages for fraud and breach of contract, but also specific performance. They have both the money and the property, and are in a better position than they would have been in had there been no fraud or breach of contract in the first place.

We find this argument compelling. Plaintiffs point out that under Missouri law the measure of damages for fraud in connection with the sale of land is the difference between the value of the land on the date of sale as represented, and the value of the land on the date of sale as actually conveyed. The sale took place in 1991. At that time, according to the jury, the land as represented was worth $12,250 more than the land as conveyed. Nothing that happened thereafter, for example, an injunction guaranteeing plaintiffs their boat-dock permit, can change those facts. We understand the argument but find it too simplistic. If the argument were accepted, the entry of an injunction, or the obtaining of the boat-dock permit in some other way, would be wholly irrelevant to the recovery of damages, even though one or the other of these events occurred on the day immediately following the sale. This does not make sense. It is true, of course, that the lapse of time was greater than one day here -- about three years, in fact. It is entirely possible that plaintiffs sustained some sort of damages because they had to wait for the complete fulfillment of the terms of the sale. The case, however, was not tried on that theory, and there is no evidence in this record on which damages of this interim kind could be calculated.

Plaintiffs argue that they sought redress for the violation of two separate legal rights: their right not to be defrauded and the "littoral rights" appurtenant to the purchased property. In the abstract, this proposition makes sense, but it breaks down when we consider it in the practical context of this case. The very littoral rights that plaintiffs say are protected by the injunction -- the right to a boat-dock permit and the right to have defendants' swim dock moved -- are the same rights for the loss of

which the award of damages is designed to compensate. We cannot escape the proposition that the injunction has made plaintiffs whole in the very respects for which they sought damages. To allow them to keep both the compensatory damages and the injunction would be a double recovery.

Defendants cite <u>Harris v. Union Electric Co.</u>, 766 S.W.2d 80 (Mo.) (en banc), <u>cert. denied</u>, 492 U.S. 919 (1989), and the citation is apt. There, plaintiffs had recovered damages on account of the inadequate description of certain redemption rights in a prospectus for bonds issued by Union Electric. They subsequently sought an injunction in a separate action to prevent Union Electric from redeeming the bonds. The Supreme Court of Missouri held that such injunctive relief was improper. The defect in the description of plaintiffs' redemption rights had already been fully remedied by the recovery of damages. They had no right to the further relief of an injunction forbidding the redemption of the bonds. Union Electric had, so to speak, bought the right to redeem the bonds, despite the prospectus's inadequate description of the redemption rights, by paying the damages awarded in the earlier action. Plaintiffs seek to distinguish the case by emphasizing their point that the injunction in this case is designed to protect their littoral rights, which, they insist, are entirely separate from their right not to be defrauded. As we have already explained, we do not agree with this contention in the circumstances of the present case. The damages award has already, in effect, paid plaintiffs in full for the deprivation of their littoral rights.

We conclude that the case must be remanded for further proceedings. On remand, it will be up to plaintiffs to elect which remedy they want -- compensatory damages or the injunction. We think, however, that they should be allowed to retain the $10,000 award of punitive damages in either event. Defendants' conduct in this case was abusive, and they do not argue on appeal that the

award of punitive damages was not based on sufficient evidence. Punitive damages are not designed to compensate anybody. They are designed to punish misconduct and to deter future misconduct. The award of punitive damages, therefore, is not duplicative of the relief contained in the injunction. It is also clear that a court of equity may award injunctive relief and actual and punitive damages as an adjunct to its equity jurisdiction. Martin v. Swenson, 335 F. Supp. 765 (W.D. Mo. 1971). If it is necessary under Missouri law for some compensatory damages to be awarded in order to support any award of punitive damages, the District Court is instructed to award plaintiffs compensatory damages of one dollar on their fraud claim, plus the punitive damages of $10,000.

To the extent that it holds defendants liable, the judgment is affirmed. To the extent that it allows plaintiffs to receive both compensatory damages and an injunction, the judgment is reversed. The cause is remanded for further proceedings consistent with this opinion.

KORNMANN, District Judge, concurring.

I concur. Most respectfully, I write separately only to express my opinion that plaintiffs elected a remedy. They sought and received an injunction and the fruits of it, the boat dock permit. It would be unjust for plaintiffs to receive the dock permit, as they already have, keep it, and also recover damages for the claimed loss of the dock permit. My concern is that if plaintiffs are simply allowed to "give up" the injunction, our decision may have little practical benefit for defendants who will already have lost the permit and will still owe the monetary damages. It may be that the dock permit cannot be retrieved by defendants, despite the lifting of the injunction. In the alternative, I would have the District Court determine if plaintiffs have made the election, the mandate being that plaintiffs are not to be allowed to receive and retain the dock

permit as well as the $12,250.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.